ETHEL M. VICTORY AND ABE J. DAVID, TRUSTEES, v.
UNION COUNTY TRUST COMPANY, EXECUTOR, ETC.

Decided November 12, 1926.

Contracts—Contract For Support of Child Upon Separation of
Parents—Father, Maker of Contract, Dies—Held, That Con-
tract Implied the Continued Existence of Both Father and
Mother, That Death Terminated Contract, and no Obligation
was Imposed Upon Father's Executors.

On appeal from the Union Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the appellants, Abe J. David.

For the respondent, Robert H. McAdams.

PER CURIAM.

This suit was brought by Mrs. Victory and Abe J. David,
trustees, for the benefit of the former's daughter, Alice,
against the executor of the last will and testament of Andrew
Victory, who was at one time the husband of Mrs. Victory.
The husband and wife separated prior to the 21st day of
March, 1922, and on the date mentioned they entered into
an agreement, together with Mr. Abe J. David, as trustee,
which, after reciting the separation and providing that the
mother should have the custody and control of the daughter,
then further provided: "That the party of the first part
[that is, the husband] will pay to the party of the second
part [that is, Mr. David], as trustee of the party of the
third part [namely, Mrs. Victory], the sum of $35 each two
weeks for the support, education and maintenance of the
child until the latter shall become of the age of twenty-one
years." The agreement also declared that the custody and
control of the infant child by its mother was subject to the
payments therein provided for, "and conditioned upon the

party of the first part being permitted to visit said child or have the custody of said child one day in every two weeks;" and, further, that "if the said infant child for any reason should cease to remain in the custody of the mother, then the aforesaid payments of $35 every two weeks shall terminate and cease."

About two years after the making of this agreement Andrew Victory died, and this present suit is brought against the executor of his estate to compel it to continue the payment of $35 each two weeks until the daughter reaches the age of twenty-one years.

When the case came on to be tried, the facts above recited were all conceded, and thereupon the trial court directed a judgment of nonsuit against the plaintiffs, and from that judgment the latter have appealed.

The theory upon which the trial court directed a nonsuit was that, by the terms of this contract, the obligation to make the payments provided therein ceased upon the death of the husband. The contention of the appellants before us is that this construction put upon the instrument was erroneous, and that the obligation to make the payments rested upon the executor of the deceased husband after his death, and did not terminate until the daughter reached the age of twenty-one.

We consider that the view of the trial court is the correct one; that is, that it is apparent from the wording of the contract that it was based upon the implied condition of the continued existence of both the father and mother of the girl; that is, death terminated the contract, and, consequently, left no obligation on the part of the executors of his estate to continue its performance. The instrument contained mutual obligations, one of which was that the father should be permitted to visit or have the custody of the daughter at stated intervals during the running of the contract, and his obligation to make the payments called for by the contract was conditioned upon his enjoyment of that right. Clearly, this provision contemplated the continued existence of the father during the minority of the daughter. So, too, the

provision that, if for any reason the daughter should cease to remain in the custody of the mother, the obligation of the father to make further payments should cease, is a plain indication that the parties to the contract contemplated that the obligations imposed by it should cease upon the death of the mother. The rule is settled that where the performance of a contract is intended to depend upon the continued existence of the parties to it, and its performance becomes impossible by reason of the death of one of the parties, it is an implied condition that such death shall dissolve the obligation created by the instrument.

We conclude, therefore, that the judgment under review should be affirmed.